341 So.2d 532 (1977)
Anthony John PEDONE, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-441.
District Court of Appeal of Florida, Third District.
January 11, 1977.
Rehearing Denied January 27, 1977.
Engel & Mishkin and David B. Javits, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
The defendant Anthony John Pedone was found guilty by a jury of the separate crime *533 of burglary, robbery, attempted murder and grand larceny. He was sentenced to life imprisonment on the burglary conviction and a concurrent term of life imprisonment on the robbery conviction. He was sentenced to fifteen years in the state prison on the conviction of attempted second degree murder and on the conviction of grand larceny, he was sentenced to a separate term of fifteen years.
The proof of appellant's guilt is overwhelming and the points raised on this appeal are directed to alleged errors of the trial court in rulings made during the progress of the trial. The substantial arguments made relate to the failure of the court to grant a continuance when counsel for the defendant announced that he was made aware of the addition by the State of a crucial witness only four days prior to the date set for trial. Also, defendant alleges he was denied a fair and impartial trial by the court's denial of his motion for continuance in order to afford him a psychiatric examination to determine whether he was competent to stand trial and to assist his counsel where allegations in the trial proceedings indicated the need for such examination.
Our review of the record convinces us that no error has been demonstrated. See Shepherd v. State, 108 So.2d 494 (Fla. 1st DCA 1959).
The defendant urges that an amendment to the complaint which, just prior to trial, allowed a change of the third count from "aggravated assault" to "attempted first degree murder" was prejudicial to a fair trial on the amended count. We find that while there is doubt that this change prejudiced the defendant, we are not in a position to hold, on this record, that it was not prejudicial. See Lawson v. State, 251 So.2d 683 (Fla.3d DCA 1971), and cases cited therein. We, therefore, hold that the conviction and sentence under the count for attempted murder in the second degree must be reversed for a new trial. See 5 Am.Jur.2d Appeal and Error § 953.
Defendant's point claiming the burglary conviction was improper because he and his accomplice gained entry through trickery rather than breaking and entering does not present reversible error in view of the rule that where entrance is obtained by trick or fraud, a conviction for burglary will stand. See 12 C.J.S. Burglary § 9; and 13 Am.Jur.2d Burglary § 13.
Affirmed in part, reversed in part and remanded.