400 So.2d 1329 (1981)
William Homer HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 80-116.
District Court of Appeal of Florida, Fourth District.
July 29, 1981.
Richard L. Jorandby, Public Defender, and Charles D. Peters, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Paul H. Zacks, Asst. Atty. Gen., West Palm Beach, for appellee.
HURLEY, Judge.
Defendant was convicted of burglary and attempted sexual battery. The sole meritorious issue on appeal is whether the burglary conviction must be reversed due to the fact that the defendant obtained consent to enter the victim's home by telling her that his van had broken down and asking to use her telephone.
Entering a structure with consent is normally a defense to a burglary charge. § 810.02, Fla. Stat. (1979); McEver v. State, 352 So.2d 1213 (Fla. 2d DCA 1977), cert. denied, 364 So.2d 888 (Fla. 1978). However, it is clear that entrance gained by trick or fraud will support a conviction for burglary. Pedone v. State, 341 So.2d 532 (Fla.3d DCA 1977), cert. denied, 355 So.2d 516 (Fla. 1978); 13 Am.Jur.2d Burglary § 13. This is because consent to enter obtained in such a manner is actually no consent at all and, therefore, the entrance is unauthorized. State v. Ortiz, 92 N.M. 166, 584 P.2d 1306 (1978).
We hold that the misrepresentations made by the defendant in this case rise to the level of trick or fraud and nullify the consent to enter obtained from his victim. The judgment is therefore
AFFIRMED.
DOWNEY and HERSEY, JJ., concur.