21805

The STATE, Respondent, v.
Theodore Allen FULLER, Appellant.
(296 S. E. (2d) 871)

*Asst. Appellate Defender Tara D. Shurling*, of *S. C. Com'n of Appellate Defense*, Columbia, and *Public Defender J. Roger Poole*, Spartanburg, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Senior Asst. Atty. Gen. Brian P. Gibbes* and *Asst. Atty. Gen. Preston F. McDaniel,* Columbia, and *Sol. Phillip K. Sinclair*, Spartanburg, *for respondent.*

Nov. 3, 1982.

*Per Curiam:*

Fuller and codefendant James Leslie Farrow were convicted of burglary and armed robbery. Both received concurrent sentences of twenty-five (25) years on each offense.

On the evening of October 6, 1980, Fuller rang the doorbell of the home of Mr. and Mrs. Boyce Stroble. When Mr. Stroble came to the door, Fuller stated his car had broken down and he needed to call a wrecker. As Mr. Stroble opened the screen door, Fuller drew a weapon and stated, "it's a holdup." Fuller and codefendant Farrow entered the house and robbed Mr. and Mrs. Stroble.

Appellant moved for a directed verdict on the ground that the State failed to prove a breaking. The trial judge denied the motion and appellant now argues the denial was error.

Breaking is an essential element of burglary. *State v. Brooks*, 277 S. C. 111, 283 S. E. (2d) 830 (1981); *State v. Clamp*, 225 S. C. 89, 80 S. E. (2d) 918 (1954). Entry effected by trickery or deception constitutes a constructive breaking at common law. *Pedone v. State*, 341 So. (2d) 532 (Fla. App. 1977); 12A C. J. S. *Burglary*, § 18 (1980). Section 16-11-310, S. C. Code Ann. (9176), defines burglary to include the common law offense. *See State v. Branham*, 13 S. C. 389 (1879).

We hold entry gained by trickery or deception is a constructive breaking and satisfies the breaking element in the definition of burglary. Fuller's entry into the home was accomplished by a breakin. The trial judge properly denied the directed verdict motion.

Affirmed.