742 So.2d 326 (1999)
Anthony THOMAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2974.
District Court of Appeal of Florida, Third District.
July 28, 1999.
Rehearing Denied September 1, 1999.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellee.
Before NESBITT, SHEVIN, and SORONDO, JJ.
NESBITT, J.
Anthony Thomas appeals his conviction for burglary of an occupied structure. While Thomas admits that actions supported a conviction for theft, he asserts that they did not support a burglary charge. We disagree.
Thomas entered the lobby of the Rodney Ocean Suites Hotel in Surfside, approached the check-in desk, and, posing as a construction worker,[1] told the manager of the hotel that the construction foreman wanted to speak with him outside. This statement was a ruse, designed to remove the manager from the lobby. Thomas returned to the check-in desk and told the hotel desk clerk that the manager needed some papers from the manager's office. This too was a ruse. Using this deception, Thomas followed the hotel clerk into the office, ostensibly to search for the papers. At some point, the clerk turned around to see Thomas with his hand inside the drawer of the manager's desk. He shouted at Thomasin fact, a shouting match ensued between the two men, drawing the manager back into the lobby. Thomas was expelled from the premises. Shortly thereafter, the hotel employees discovered that approximately $270 in cash was missing from the cash drawer behind the check-in desk. They called the police.
The police apprehended Thomas minutes later and, upon his identification by the hotel employees as the man they chased out of the hotel, they searched him and discovered $178 in cash tucked inside his underwear.
The Rodney is a small hotel on Collins Avenue. Its lobby is likewise small. The check-in desk is a large counter, shaped like the letter "L". The manager's office is immediately behind the counter area. The office does have a door, normally left ajar. *327 Within the manager's office is a smaller "inner office" with a closed door. The testimony of the hotel clerk was that he saw Thomas reach into a desk drawer in the manager's office.
Thomas's argument on appeal is that while his actions may support a theft conviction, they do not support a burglary conviction, because the premises from which the money was taken were open to the public at the time of the incident. He insists that the burglary conviction cannot stand even though the money was taken from an area where he should not have beenthat is, behind the check-in counter where the cash drawer was located. We find that there was sufficient evidence to support the burglary conviction. A burglary occurred when Thomas entered the manager's office with the intent to commit an offense therein. The manager's office was not an area "open to the public." See, e.g., Dakes v. State, 545 So.2d 939, 940 (Fla. 3d DCA 1989). Thomas's entry into this area was by trick or fraud, so that the clerk's "consent" to allow Thomas entry was ineffective. See Howard v. State, 400 So.2d 1329 (Fla. 4th DCA 1981); Pedone v. State, 341 So.2d 532, 533 (Fla. 3d DCA 1977). Thomas's intent to commit an offense theftin the office was evidenced by his being caught with his hand in the manager's desk drawer. These facts alone support the burglary conviction.
With the particular facts in this case, that the hotel lobby was "open to the public" and that the money was actually taken from an area that might be considered "open to the public" is immaterial. Here, we had an individualthrough a ployenter an area not open to the public. His ploy negated the clerk's apparent consent. The clerk observed him with his hand in a desk drawer in the office. An attempt to commit a theft shows intent to "commit an offense therein." Thus, all of the elements for burglary were present. See § 810.02(1), Fla. Stat. (1995).[2]
Miller v. State, 24 Fla. L. Weekly S155, 733 So.2d 955 (Fla.1999), cited by Thomas in support of his position that no burglary occurred, does not apply.[3]Miller is controlling only in cases where the purported burglary occurred in an area "open to the public." See Miller, 24 Fla. L. Weekly at S156 n. 1, 733 So.2d at 957 n.1. Thus, Miller is inapplicable here because Thomas entered (through fraud) an area not open to the public (the manager's office) with the intent to commit an offense (theft) therein. Rather, those cases dealing with *328 entry and consent by fraud apply. See Howard, 400 So.2d at 1329; Pedone, 341 So.2d at 533. Following these cases, we affirm Thomas's burglary conviction.
NOTES
[1] The Rodney was undergoing renovations at the time.
[2] Section 810.02(1), Florida Statutes (1995), defines burglary: "`Burglary' means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain."
[3] In Miller, the defendant entered a corner grocery store (open to the public at the time), shot both the security guard and the manager, then took money from the cash register located behind the store's counter. The State's theory to support the burglary charge was that although Miller had initial "consent" to enter the store, as it was open to the public at the time he entered, that consent was implicitly withdrawn when Miller shot the guard. The Supreme Court rejected the State's argument and reversed Miller's burglary conviction, stating: "[W]e hold that if a defendant can establish that the premises were open to the public, then this is a complete defense.... Whether or not consent may have been withdrawn, either by direct or circumstantial evidence, is not an issue. The only relevant question is whether the premises were open to the public at the time the defendant entered or remained with the intent to commit an offense therein." Miller, 24 Fla. L. Weekly at S156, 733 So.2d at 957. (Citations omitted).