777 So.2d 1203 (2001)
Abukareem ELTAHER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3963.
District Court of Appeal of Florida, Fourth District.
February 21, 2001.
*1204 Carey Haughwout, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Zappi, Assistant Attorney General, Fort Lauderdale, for appellee.
STEVENSON, J.
Appellant, Abukareem Eltaher, was tried by jury and convicted of trespass of a structure, grand theft, and burglary of a conveyance. We affirm in part and reverse in part.
The State correctly concedes that appellant was improperly convicted of trespass of a structure, a lesser included offense of the burglary of a dwelling count with which he was charged. The evidence established that appellant stole items from the victim's condominium unit after she invited him inside. Being an invitee is a complete defense to the charge of burglary. See Delgado v. State, 776 So.2d 233 (Fla.2000). And, where one entering a building has permission to enter, there is no trespass. See State v. Jackson, 281 So.2d 353, 354-55 (Fla.1973) (citing Cannon v. State, 102 Fla. 928, 136 So. 695 (1931)). Here, there was no competent substantial evidence presented of entry by fraud or trick. See Howard v. State, 400 So.2d 1329, 1329 (Fla. 4th DCA 1981) (stating that "entrance gained by trick or fraud will support a conviction for burglary").
We also reject appellant's claim that he was improperly punished for exercising his right to a trial because the sentencing judge took into consideration that he may have committed "perjury." At sentencing, defense counsel asked for time served and reminded the trial judge that "the court had made an offer to [appellant] of 31.5 months that he rejected." The *1205 prosecutor then stated, "I am requesting 7 or 8 years on the burglary. The Defendant took the stand and perjured himself." The trial judge replied, "That's true." The court went on to sentence appellant to concurrent five-year terms on each of the two felony convictions.
The general rule is that
Absent a demonstration by the defendant of judicial vindictiveness or punitive action, a defendant may not complain simply because he received a heavier sentence after trial. A disparity between the sentence received and the earlier offer will not alone support a finding of vindictiveness.... Having rejected the offer of a lesser sentence, [the defendant] assumes the risk of receiving a harsher sentence. Were it otherwise, plea bargaining would be futile.
Stephney v. State, 564 So.2d 1246, 1248 (Fla. 3d DCA 1990) (quoting Mitchell v. State, 521 So.2d 185, 190 (Fla. 4th DCA 1988)). Appellant relies on cases which hold that it is improper for a trial judge to impose a greater sentence for the sole reason that the defendant committed perjury at trial. In City of Daytona Beach v. Del Percio, 476 So.2d 197, 205 (Fla.1985), cited by appellant, the court explained:
[T]he proper method of imposing punishment for perjury would be through a separate prosecution. Conflicting evidence inheres in most trials, and to allow imposition of a harsher sentence merely because the trial judge believes the evidence supporting his finding of guilt, would create a catch-22the defendant may not be punished for his exercising of the right to trial but may be punished for his lack of candor during the trial.
Appellant reasons that because the trial judge responded "[t]hat's true" to the prosecutor's statement that the "[d]efendant took the stand and perjured himself," the trial judge must have improperly punished him for exercising his right to a jury trial. The appellant's claim fails because it is not at all clear that, in deciding the appropriate sentence, the trial judge actually factored in appellant's alleged perjury. The trial judge's statement merely affirmed that she agreed with the prosecutor that appellant had perjured himself. The burden to demonstrate that an error occurred in the proceedings below rests with the appellant. See § 924.051(7), Fla. Stat. (2000).
We have considered the remaining issues raised on appeal and find no error. Accordingly, we reverse appellant's conviction and sentence for trespass of a structure. We affirm in all other respects.
DELL and GROSS, JJ., concur.