793 So.2d 1102 (2001)
Michael Melvin SCHRACK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2610.
District Court of Appeal of Florida, Fourth District.
August 29, 2001.
*1103 Carey Haughwout, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Ninety year old Herman Bode was sitting in the family room of his single-family residence in Jensen Beach, when he heard someone knock on his window. Appellant, who was standing outside, told Mr. Bode that Donna, Mr. Bode's former daughter-in-law, sent him over because she was having a surprise cookout for Mr. Bode and his wife, in celebration of their sixty-fifth wedding anniversary. Mr. Bode allowed appellant to enter his home and the two discussed the upcoming cook-out for a few minutes. When Mr. Bode told appellant that Donna was not in Jensen Beach, but in Seattle, Washington, where she had been living for two or three years, appellant corrected him and said that Donna was at Riverside.
Mr. Bode went to the kitchen to call Donna. Appellant followed him and struck him on his head with a metal pot. Appellant said, "This is a holdup, I want your money." Mr. Bode gave appellant about one hundred dollars from his pocket. Not satisfied, appellant demanded the location of Mr. Bode's safe and then searched the house for additional valuable items. Mr. Bode tried to use his telephone to call a neighbor, but the phone was not working. During a brief struggle, appellant cut Mr. Bode's hand in several places with a knife and threatened to kill him. Eventually, Mr. Bode managed to crawl outside and yell to a neighbor for help. The neighbor called the police. Meanwhile, Mr. Bode could hear his car starting in the garage.
Appellant was later apprehended when Mr. Bode's automobile was spotted by a Martin County deputy as it sped down the street, ran a red light, and then crashed into a beach pavilion. Appellant fled the vehicle and swam into the ocean. He was arrested and found guilty by a jury as charged in the ten-count information. We affirm all points raised in this appeal, but specifically address appellant's contention that insufficient evidence rebutted his consent defense on the burglary counts, thus entitling him to a judgment of acquittal.
Appellant argues that there was insufficient evidence to convict him on Count I (burglary of a dwelling while armed) and Count VIII (burglary of a dwelling with assault or battery), because the state's evidence affirmatively established that his entry into Mr. Bode's home was by consent. He relies upon the Florida Supreme Court's recent opinion in Delgado v. State, 776 So.2d 233 (Fla.2000)[1], *1104 which he contends overruled Gordon v. State, 745 So.2d 1016 (Fla. 4th DCA 1999), Howard v. State, 400 So.2d 1329 (Fla. 4th DCA 1981), and Thomas v. State, 742 So.2d 326 (Fla. 3d DCA 1999). We conclude that these cases are unaffected by Delgado and reiterate that entrance gained into a home by trick or fraud will support a conviction for burglary. See Gordon, 745 So.2d at 1018 (holding that a feigned toothache to gain entry into victim's home was sufficient to show unlawful entry).
In Delgado, the supreme court addressed the question whether a person known to the occupant who was consensually invited into the premises could be guilty of burglary if he or she later committed a crime within the structure. The court held that if a defendant can establish that the premises were open to the public or that the defendant was an invitee or licensee, then the defendant has a complete defense to the charge of burglary, unless the defendant "surreptitiously" remained inside the property. Delgado, 776 So.2d at 240. In so ruling, the court receded from its previous opinions upholding burglary convictions in these circumstances upon the theory that consent to enter the victim's home is withdrawn upon commission of an offense. Id. at 238.
Delgado, however, concerns only the situation where the defendant enters the premises with the occupant's consent. It does not address a defendant's entry onto the premises by fraud or trick. "`It is clear that entrance gained [into someone's home] by trick or fraud will support a conviction for burglary.'" Gordon, 745 So.2d at 1018 (quoting Howard, 400 So.2d at 1329). As the trial court recognized, when consent to enter is obtained by trick or fraud there is actually no consent at all. See id. Delgado does not change this general principle of law. See Alvarez v. State, 768 So.2d 1224 (Fla. 3d DCA 2000)(affirming burglary conviction post-Delgado where defendant gained entry into the victims' home on the subterfuge that he wished to use the bathroom); see also Eltaher v. State, 777 So.2d 1203 (Fla. 4th DCA 2001)(relying on Delgado to reverse a trespass of a structure conviction [lesser included offense of burglary of a dwelling] because defendant had been invited into victim's condominium, but recognizing that there was no evidence of fraud or trick).
We conclude that appellant could be found guilty of burglary based upon his deceitful conduct in gaining entry into the victim's home. By claiming familiarity and recent contact with a family member and concocting a story about a surprise party, appellant obtained the victim's confidence and secured admittance into his home by "trick or fraud."
AFFIRMED.
POLEN, C.J., and WARNER, J., concur.
NOTES
[1] During the pendency of this appeal, the Legislature expressly nullified Delgado. See 2001 Fla. Sess. Law Serv. ch. 2001-58 (H.B. 953)(West)(to be codified at Fla. Stat. § 810.015). This nullification, however, operates retroactively to February 1, 2000. Id. Because the events herein occurred prior to that date, we do not discuss this enactment. See Ruiz v. State, 26 Fla. L. Weekly D1533, ___ So.2d ___, 2001 WL 686156 (Fla. 3d DCA June 20, 2001).