THOMPSON, C.J.
Ramon Borroto appeals his convictions for aggravated fleeing and eluding.[1] ■ He was acquitted of auto theft[2] and aggravated assault on a law enforcement officer.[3] Borroto raises several points on appeal, only three of which merit discussion. First, he contends the trial court erred when it did not allow Borroto to step down to an easel in response to the prosecutor’s request; second, he contends that the trial court erred when it denied his motion for mistrial; and third, he contends that the trial court was vindictive when it sentenced him. Finding no error, we affirm his conviction.
During cross-examination, the prosecutor requested permission for Bor-roto to step down to review a diagram mounted on an easel. The trial court denied the request and instructed Borroto to remain seated in the witness chair. After the denial, counsel approached the bench and defense counsel immediately moved for a mistrial. The trial court did not rule on the motion, but chided the prosecutor for conducting a cross-examination that was “just kind of wandering around.” We find no abuse of discretion in the court’s curtailing the prosecutor’s cross-examination of Borroto. We agree with the trial court that the prosecutor was “just kind of wandering around.” It is the function of the trial court to control the mode and order of the interrogation of witnesses to avoid needless consumption of time. § 90.612(1), Fla. Stat. (1999). Further, we see no abuse of discretion in the denial of Borroto’s motion for mistrial. Motions for mistrial should be granted only when an error is so prejudicial as to vitiate the entire trial. See Pagan v. State, 830 So.2d 792 (Fla.2002). If, as Borroto contends on appeal, it was important for Borroto to respond to the issue raised by the prosecutor, the defense could have raised it on redirect examination.
During sentencing, after the prosecutor and defense attorney agreed to the points assessed on the scoresheet, Borroto told the court that he had turned over a new leaf, so to speak. The trial court stated, “It — he is a liar; it’s my opinion, after having heard the testimony that he gave from the witness stand. So what he tells me now is what he thinks that he can tell me in order to get me to get — to give him the lowest sentence.” The trial court then imposed the statutory maximum sentence of 15 years in the Department of Corrections, a fine of $10,000, and restitution. As to the sentencing, assuming this issue is preserved,[4] there is no indication that the court imposed the statutory maximum only because the trial court thought Borroto lied at trial. See City of Daytona Beach v. Del Percio, 476 So.2d 197, 205 (Fla.1985) (“[T]o allow the imposition of a harsher sentence merely because the trial judge believes the evidence supporting his finding of guilt, would create a catch-22— *274 the defendant may not be punished for his exercise of the right to trial but may be punished for his lack of candor during the trial.”) What the court stated was that the defendant lied at trial, and that therefore the court did not believe Borroto’s statement at sentencing that he had learned his lesson. The trial court simply stated why it did not believe Borroto’s plea of contrition. Borroto has the burden of demonstrating that the trial court actually factored in his alleged perjury during sentencing. See Eltaher v. State, 777 So.2d 1203 (Fla. 4th DCA 2001). He has not met his burden.
Borroto also contends that the trial court did not adequately consider the scoresheet and presentence investigation report. We see no suggestion that the court failed to consider the scoresheet and presentence investigation report, and it is for the trial court to decide what is “adequate” consideration.
AFFIRMED.
SHARP, W. and PALMER, JJ., concur.

. § 316.1935(3), Fla. Stat. (1999).

. § 812.014(2)(c)(6), Fla. Stat. (1999).

. I §§ 784.02l(l)(l)(a), 784.07(2)(c), 775.0823(10), Fla. Stat. (1999).

. Defense counsel did not object to the trial court regarding the sentence imposed nor did counsel file a motion to correct sentence pursuant to Rule 3.800, Fla. R.Crim. P. See Maddox v. State, 760 So.2d 89 (Fla.2000) (holding that the failure to bring a sentencing error to the trial court’s attention, unless it is fundamental error, waives appellate review).