Andrew J. Di Paola, J.
The petitioner in this article 78 proceeding is an inmate of the Nassau County Jail the expiration date of whose sentence is August 23, 1973 who would normally expect to be released on August 3 by reason of a “ good time credit ” (Correction Law, § 804) aggregating 20 days, and who claims he is being denied that credit without cause and without due process. Although the County Attorney appearing for the County Commissioner of Correction who is in charge of the jail raises an issue of prematurity, he concedes that “ the main question for determination by this Court is whether Section 804 of the Correction Law of the State of New York entitles any inmate in the Nassau County Jail * * # to an Administrative Hearing before being denied ‘ good time ’ in connection with a sentence being served by the inmate.” The question arises out of the following facts.
*995 The pleadings agree that on March 29, 1973 the petitioner was questioned by a jail officer about giving seconal tablets to a fellow inmate and that he was questioned later that day by “ someone from the District Attorney’s office.” The answer admits so much of the petition as alleges that on April 6, 1973 the petitioner was taken before the floor disciplinary committee and there is no dispute that the action taken by that committee consisting of a lieutenant and officer other than the complaining officer recommended a loss of good time.
Subsequently the petitioner was indicted on the contraband and other counts. That indictment was in turn dismissed on May 24, 1973 because the evidence was ruled legally insufficient to establish the offenses charged, but with leave to the People to resubmit the charges to the same or another Grand Jury. The respondent admits that seven days later the petitioner was told that the original determination relative to his loss of good time would stand. Thus, the present pursuit of a remedy by the petitioner is not premature although the respondent asserts a right on the part of the authorities to again consider the matter at some future date. This brings us to the due process question urged by petitioner and posited by the respondent.
“ Due process ” is not an inflexible concept and what constitutional requirements mandate in one type of case is not necessarily mandated in another (cf. Goldberg v. Kelly, 397 U. S. 254; Sostre v. McGinnis, 442 F. 2d 178, cert. den. sub nom. Sostre v. Oswald, 404 U. S. 1049; Escalera v. New York City Housing Auth., 425 F. 2d 853). “ Whether the Constitution requires that a particular right obtain in a specific proceeding depends upon a complexity of factors. The nature of the alleged right involved, the nature of the proceeding, and the possible burden on that proceeding, are all considerations which must be taken into account.” (Hannah v. Larche, 363 U. S. 420, 442.)
Thus it has recently been held that in an in-prison disciplinary proceeding there is no absolute right to confront or to cross-examine witnesses, and that it is doubtful that counsel or even a lay substitute is essential (United States ex rel. Miller v. Twomey, 479 F. 2d 701, 715). As a minimum, however, the prisoner must receive adequate written notice of the charges against him, he must be offered a fair opportunity to explain his version of the incident, and, to insure a degree of impartiality, the factual determination must be made by a person or persons other than the complaining; officer and there must be an opportunity to request that other witnesses be called or interviewed (United States ex rel. Miller v. Twomey, supra, p. 716). *996 To the extent that the cases of courts of original jurisdiction cited by respondent are not distinguishable on their facts and are in conflict with these principles, I am constrained to disagree with them.
Nothing herein is intended to challenge the rights of custodial officers to forfeit good time credit within their discretion and for cause (see Correction Law, §§ 803, 804). But where cause is asserted, as it has been here, to justify the forfeiture of all or any part of good time credit, judicial review is available to determine whether there has been such an abuse of discretion as to mandate judicial intervention. And that review is only possible if the minimum standards above set forth are applied. Except for the fact that the complaining officer was not a member of the disciplinary board, the record is insufficient to warrant a conclusion that the other minimum elements of due process involved in this type of situation were followed.
It is the judgment of the court that the petitioner shall not be denied his good time credit of 20 days except for cause to be determined, if the respondent is so advised, after a hearing whose elements conform to the minimum standards above outlined provided such hearing is held no later than July 25, 1973 and a determination is rendered therein no later than July 26, 1973 to afford opportunity for review if that determination is adverse to the petitioner. -