768 So.2d 1224 (2000)
Ramon ALVAREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-3237.
District Court of Appeal of Florida, Third District.
October 4, 2000.
*1225 Bennett H. Brummer, Public Defender and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Jill K. Traina, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and FLETCHER and SHEVIN, JJ.
SCHWARTZ, Chief Judge.
After the defendant gained entry into the victims' home on the subterfuge that he wished to use the bathroom, he pulled a gun on the residents, tortured them, and stole their cash and jewelry. On this appeal from his conviction for several offenses, he claims that his burglary conviction does not survive the Supreme Court's opinion in Delgado v. State, ___ So.2d ___, 2000 WL 1205960 (Fla. Case No. SC88,638, opinion filed, August 24, 2000)[25 FLW S631]. We disagree. Delgado held only that a person known to the occupant who was consensually invited into her premises may not be held guilty of a burglary merely because she later commits an offense within the structure. Accord Bledsoe v. State, 764 So.2d 927 (Fla. 2d DCA 2000); Stenson v. State, 756 So.2d 118 (Fla. 3d DCA 2000). There is nothing in Delgado however, which affects the rule reflected by our recent holding in Thomas v. State, 742 So.2d 326 (Fla. 3d DCA 1999), review denied, 767 So.2d 464 (Fla.2000), that a burglary does occur when the initial consent to enter is secured by fraud. Indeed, Delgado cites with approval People v. Hutchinson, 124 Misc.2d 487, 477 N.Y.S.2d 965 (Sup.Ct.1984), which so holds. Hutchinson says:
If this jury concludes that the defendant was in the complainant's apartment with genuine license, that is, with her consent obtained without deceit, the fact that he was unwelcome after he pulled the knife does not convert his licensed entry into an unlawful remaining. His licensed presence there is not revoked by the commission of a criminal act. (e.s.)
124 Misc.2d at 492, 477 N.Y.S.2d at 968.
The appellant also complains of several comments made by the prosecutor in closing argument. We find nothing wrong in the statements in question.
Affirmed.