COPE, J.
Yudex Castellanos petitions for a writ of habeas corpus, claiming that his appellate counsel was ineffective. We deny the petition.
In 1999 defendant-petitioner Castellanos was convicted of first degree murder, armed burglary, and attempted armed robbery.* On February 3, 2000, while his appeal was pending, the Florida Supreme Court initially announced Delgado v. State, 25 Fla. L. Weekly S79 (Feb. 3, 2000); see also Delgado v. State, 776 So.2d 233 (Fla.2000) (revised opinion). No Delgado issue was raised during defendant’s appeal. The convictions were later affirmed by this court without opinion. Castellanos v. State, 755 So.2d 126 (Fla. 3d DCA 2000).
By this petition, the defendant contends that his appellate counsel was ineffective for failing to make an attack on the burglary conviction based on the Delgado decision. We disagree.
We leave for another day the question of what preservation requirements exist (if any) for a defendant to raise a Delgado issue on appeal. The defendant makes no claim that he raised the affirmative defense of consent when the case was tried. See Delgado, 776 So.2d at 240. There was only a bare-bones motion for judgment of acquittal, which did not mention the issue of consensual entry. For present purposes, it is not necessary to address the preservation issue.
Assuming for purposes of discussion that the issue was properly preserved, defendant’s claim is foreclosed by Alvarez v. State, 768 So.2d 1224 (Fla. 3d DCA 2000), and cases cited therein, as well as Schrack v. State, 793 So.2d 1102 (Fla. 4th DCA 2001), and cases cited therein. “[A] burglary does occur when the initial consent to enter is secured by fraud.” Alvarez, 768 So.2d at 1225 (citation omitted). The evidence showed that the defendant and a coperpetrator gained entry on the pretext that they had come to rent the rental apartment.
Petition denied.

 The crime date was November 26, 1996.