872 So.2d 279 (2004)
Marcel S. SMITH, Petitioner,
v.
James V. CROSBY, Jr., Secretary, Department of Corrections, Respondent.
No. 4D02-4350.
District Court of Appeal of Florida, Fourth District.
March 24, 2004.
Rehearing Denied June 1, 2004.
*280 Marcel S. Smith, Bowling Green, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for respondent.
TAYLOR, J.
Marcel Smith filed this petition for writ of habeas corpus pursuant to Florida Rule Appellate Procedure 9.141(c), alleging, inter alia, that his appellate counsel was ineffective for failing to argue that his conviction for burglary should be reversed based on Delgado v. State, 776 So.2d 233 (Fla.2000). We grant the petition and allow for a belated appeal limited to this issue.
Petitioner's conviction arose from the following incident. On November 9, 1999, Petitioner, his brother, and a friend entered the home of an acquaintance ("victim") to use his music recording studio. The victim led them to the studio and excused himself. He returned an hour later and advised them that their recording session had expired. After the victim turned off the lights, Petitioner hit him over the head with a gun and told him to get on the floor. Petitioner's brother began taping the victim's ankles, but he broke free. Petitioner then kicked the victim, causing him to stumble. As the victim attempted to flee, the other two men restrained him and Petitioner struck him on the forehead with an iron bar. The victim broke free and attempted to escape through a nearby window. Petitioner then fired three shots at him, striking him twice in the abdomen. As the victim fled, Petitioner *281 fired more shots, one of which grazed the victim's neck. The victim was taken to the hospital, where he identified his attackers to the police.
The state charged Petitioner with five offenses, including burglary of a dwelling with a firearm and an assault or battery. The jury convicted him on three counts: attempted felony murder with a firearm (Count I), attempted burglary of a dwelling with a firearm and an assault or battery (a lesser included offense of Count III), and attempted robbery with a firearm (Count IV). The trial court imposed three concurrent life sentences with a 25 year minimum mandatory for using a firearm in the commission of his crimes.
Petitioner appealed his conviction to our court, raising only one claim of error: that the trial court erred in denying Petitioner's motion to suppress, which was based on his claim of a right-to-counsel violation. On January 23, 2002, we affirmed Petitioner's conviction and sentence. Smith v. State, 806 So.2d 497 (Fla. 4th DCA 2002).
Petitioner subsequently filed this petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel. He raises several claims. However, we find merit only in his contention that appellate counsel was ineffective for failing to challenge the attempted burglary conviction based on the Delgado decision.
To demonstrate ineffectiveness of appellate counsel, a petitioner must show: (1) that there were specific errors or omissions of such magnitude that it can be said that they deviated from the norm or fell outside of the range of professionally acceptable performance; and (2) that the failure or deficiency had a prejudicial impact on the petitioner by compromising the appellate process to such a degree as to undermine confidence in the fairness and correctness of the outcome. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Johnson v. Wainwright, 463 So.2d 207 (Fla.1985); Meyer v. Singletary, 610 So.2d 1329, 1331 (Fla. 4th DCA 1992).
Appellate counsel's performance must be measured in terms of the law in effect at the time of the appeal, and not in hindsight. See Knight v. State, 394 So.2d 997, 1003 (Fla.1981)("The ineffectiveness of appellate counsel cannot be based upon the failure of counsel to assert a theory of law which was not at the time of the appeal fully articulated or established in the law"); Sanders v. Singletary, 707 So.2d 364 (Fla. 1st DCA 1998); Thompson v. Wade, 603 So.2d 28 (Fla. 1st DCA 1992).
Petitioner asserts that at the time of his conviction and appeal, the controlling law, as set forth in Delgado, required that his conviction for attempted burglary be reversed. His attorney filed the initial and reply briefs in July and September of 2001, after the Florida Supreme Court decided Delgado[1]; thus, her failure to raise a Delgado issue on appeal rendered her ineffective. See R.C. v. State, 793 So.2d 1078, 1079, n. 1 (Fla. 2d DCA 2001)(reversing defendant's conviction for burglary of a dwelling based on Delgado and noting that the Legislature's language in section 810.015(2) nullifying Delgado did not apply *282 because the defendant's actions took place prior to February 1, 2000).
In Delgado, the supreme court held that a conviction for burglary under a "remaining in" theory cannot lie where the defendant initially entered the premises lawfully and then later formed a criminal intent to commit a crime therein. The court explained that the phrase "remaining in" in the burglary statute, section 810.02(1), Florida Statutes,[2] is limited to situations where the remaining in was done surreptitiously. Delgado, 776 So.2d at 240. It clarified that "in the context of an occupied dwelling, burglary was not intended to cover the situation where an invited guest turns criminal or violent." Id.
Petitioner claims that appellate counsel should have challenged the validity of his attempted burglary conviction because the evidence presented at trial showed that he entered the premises with the victim's consent and remained there openly, rather than surreptitiously. Since any alleged intent to rob or assault was formed subsequent to his consensual entry, Petitioner could not be convicted of burglary or attempted burglary.
The state responds that Delgado does not apply to this case because there was a disputed issue at trial as to whether Petitioner entered the victim's residence by trick or fraud. However, the state fails to provide any record support for this assertion. Further, the cases cited by the state can be factually distinguished from this case. See Schrack v. State, 793 So.2d 1102 (Fla. 4th DCA 2001)(affirming burglary conviction after Delgado where defendant gained entry by concocting a story about a surprise party); Alvarez v. State, 768 So.2d 1224, 1225 (Fla. 3d DCA 2000)(holding that defendant lacked consent to enter where he gained entry into the victim's house on the subterfuge that he wished to use the bathroom); Gordon v. State, 745 So.2d 1016 (Fla. 4th DCA 1999)(holding that defendant's conduct in feigning tooth ache to gain entry into the victim's home negated consent).
In contrast to the above cases relied upon by the state, wherein the perpetrators committed their crimes within minutes after entering the premises on false pretenses, the facts in this case plausibly negate the prosecution's theory that Petitioner gained entry by fraudulent pretense. The state asserts that Petitioner and his co-defendants secured the victim's consent on the pretext that they wanted to use his recording equipment. However, given evidence that Petitioner and his co-defendants actually used the equipment and remained there in the recording studio for an hour or so after their arrival, there appears to be little or no support for finding a non-consensual entry or surreptitious remaining. Cf. Castellanos v. Moore, 822 So.2d 585 (Fla. 3d DCA 2002)(holding that appellate counsel's failure to attack defendant's burglary conviction based on the theory that the defendant's entry into the dwelling was by consent did not prejudice the defendant where the evidence showed that the defendant and a co-perpetrator gained entry on the pretext that they had come to rent the rental apartment).
We note that Petitioner does not allege that his trial counsel preserved the Delgado issue below by raising sufficiency of the evidence on the attempted burglary charge in a motion for judgment of acquittal. Generally, a defendant must preserve a claim of insufficiency of the evidence for *283 appellate review through a timely challenge in the trial court. F.B. v. State, 852 So.2d 226 (Fla.2003). However, an exception exists when the evidence is insufficient to show that a crime was committed at all. Id. at 230. This is because a conviction for a crime that is "totally unsupported by evidence constitutes fundamental error." Id. (citing Troedel v. State, 462 So.2d 392, 399 (Fla.1984)); see also Griffin v. State, 705 So.2d 572 (Fla. 4th DCA 1998); Slydell v. State, 792 So.2d 667 (Fla. 4th DCA 2001). Where such fundamental error occurs, an appellate court will forgive the failure of preservation and review the legal sufficiency of the conviction on appeal. Otero v. State, 807 So.2d 666, 667 (Fla. 4th DCA 2001).
In Otero, we reviewed the defendant's claim that the evidence was insufficient to support his burglary conviction, notwithstanding his failure to adequately preserve the issue in his motion for judgment of acquittal. The evidence in that case showed that the defendant, after being invited into his former lawyer's office, suddenly pulled out a gun and pointed it at his lawyer's head, handcuffed him, and demanded money from him. Applying Delgado, we held that the defendant's invitee status, along with a showing that his "remaining in" was not surreptitious, established a complete defense to the crime of burglary. Accordingly, we reversed his burglary conviction and remanded for an acquittal on that charge.
Similarly, in this case, Petitioner argues that his attempted burglary conviction constitutes fundamental error because the evidence failed to show a non-consensual entry or a surreptitious remaining in the premises. However, without a full record of the trial proceedings below, we cannot make a determination whether fundamental error exists in Petitioner's case.
Because, however, we agree that appellate counsel's failure to raise an issue that may amount to fundamental error constitutes ineffective assistance of appellate counsel, we grant the petition for writ of habeas corpus. See Fair v. Crosby, 858 So.2d 1103, 1104 (Fla. 4th DCA 2003)("Appellate counsel may be found to have rendered ineffective assistance for failing to raise an issue that could be considered fundamental error.").
This opinion shall be filed with the lower tribunal and treated as the notice of belated appeal of the judgment and sentence entered on February 12, 2001. Upon receipt, the clerk of the lower court shall certify a copy of this opinion to this court in accordance with Florida Rule of Appellate Procedure 9.040(g). The appeal shall proceed under a new case number, which shall be assigned upon receipt in this court of the certified opinion. The belated appeal shall be limited to the issues discussed herein. All time requirements of the Florida Rules of Appellate Procedure shall run from the date of this opinion. If Petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal.
PETITION GRANTED.
STEVENSON and MAY, JJ., concur.
NOTES
[1] The court decided Delgado on August 24, 2000. At the time of Petitioner's appeal, the use of "remaining in" language in a jury instruction on burglary was considered improper under Delgado. Although the Legislature would later nullify Delgado by enacting section 810.015(2), Florida Statutes (2001), the legislative nullification was retroactive only to February 1, 2000. See Floyd v. State, 850 So.2d 383, 402, n. 29 (Fla.2002). The events in Petitioner's case occurred on November 9, 1999, before the retroactive date of section 810.015(2).
[2] Section 810.02(1), Florida Statutes (1999), provided:

"Burglary" means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.