DAMOORGIAN, J.
 

 Bruno Andre (Defendant) appeals his judgment and sentence after a jury found him guilty of, among other things, aggravated false' imprisonment. We reverse Defendant’s conviction for aggravated false imprisonment holding that it was fundamental error to convict Defendant of that charge where the State failed to present any evidence that the confinement of the child was without the consent of her parent or legal guardian. We find no merit to Defendant’s other arguments and affirm his convictions on the following charges: (1) luring or enticing a child under the age of twelve in violation of section 787.025, Florida Statutes (2006); (2) child abuse in violation of section 827.03(l)(b), Florida Statutes (2006); and (3) lewd or lascivious molestation — offender eighteen or older, victim twelve or younger in violation of section 800.04(5)(b), Florida Statutes (2006).
 

 The relevant facts are that on January 3, 2006, Defendant and Mona Dosuede registered C.S. (the child) for elementary school. At Dosuede’s request, Defendant agreed to drive the child to school the following day. Dosuede testified that she was not the child’s biological mother but that she had raised the child since she was two years old. There was no evidence presented that Dosuede had legal custody of the child.
 

 The next day, Defendant picked up the child to take her to school. Along the way, Defendant covered the child with a shirt and while stopped at a red light, unbuckled her pants and touched her vagina. He then informed her that they were going to go to a motel. Defendant pulled up to the motel around nine in the morning. The motel clerk observed Defendant drive up and watched as the child exited the vehicle and entered the motel room while Defendant remained outside. When the motel clerk approached Defendant and asked what he was doing with the little girl, Defendant informed him that he was waiting for the child’s mother. Suspicious that something was wrong, the motel clerk wrote down Defendant’s license plate number. When the child came out of the room, the motel clerk approached the child and asked her if she was Defendant’s daughter. She did not respond but instead got in Defendant’s vehicle. Defendant then left the motel and proceeded to drop the child off at her school. The motel clerk called the police, and Defendant was subsequently arrested.
 

 On appeal, Defendant argues that the trial court erred in convicting him of false imprisonment of a child under age thirteen when the State failed to present any evidence that the confinement of the child was without the consent of her parent or legal guardian. He concedes that
 
 *105
 
 he failed to preserve this issue for appeal but contends that it is properly before this Court because failure to prove an essential element of the crime constitutes fundamental error. The State responds that it did prove that element by presenting evidence that: (1) Dosuede, although not the biological mother or legal guardian, raised the child for eleven years, provided for her care, and was married to the child’s natural father; and (2) Dosuede authorized Defendant to take the child to school and nowhere else.
 

 “[W]ith two exceptions, a defendant must preserve a claim of insufficiency of the evidence through timely challenge in the trial court.”
 
 F.B. v. State,
 
 852 So.2d 226, 230 (Fla.2003). The first exception occurs in death penalty cases, where review of the sufficiency of the evidence is mandated by the rule.
 
 Id.
 
 The second exception is triggered when “the evidence is insufficient to show that a crime was committed at all.”
 
 Id.; see, e.g., Vance v. State,
 
 472 So.2d 734 (Fla.1985) (holding that the second conviction was “totally unsupported by the evidence” because section 790.10, Florida Statutes (1981) was violated only once in a single episode). “[A] conviction imposed upon a crime totally unsupported by evidence constitutes fundamental error.”
 
 Troedel v. State,
 
 462 So.2d 392, 399 (Fla.1984);
 
 see Rodriguez v. State,
 
 964 So.2d 833, 836 n. 1 (Fla. 2d DCA 2007) (“It is [ ] fundamental error to convict a defendant when the State has failed to prove an element that is essential to the commission of the crime.”);
 
 see, e.g., Alvarez v. State,
 
 963 So.2d 757, 764-65 (Fla. 3d DCA 2007) (holding it was fundamental error to convict the defendant of the crime of carjacking when the victim was unaware of the theft — an element of the offense).
 

 Section 787.02(l)(a), Florida Statutes (2006) defines false imprisonment as “forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will.” If the confinement is of a child under age thirteen, then it is against her or his will if it is “without the consent of her or his parent or legal guardian.” Section 787.02(b), Fla. Stat. (2006). While there is no precise definition of legal guardian, the Fifth District Court of Appeal in
 
 Cason ex rel. Saferight v. Hammock,
 
 908 So.2d 512, 517 n. 2 (Fla. 5th DCA 2005), “found a definition of the term ‘legal guardianship’ in section 39.01(34), Florida Statutes (2003), which provides that the term ‘means a judicially created relationship between the child and caregiver which is intended to be permanent and self-sustaining and is provided pursuant to the procedures in chapter 744.’ ”
 

 Our analysis of the issue and the result reached are constrained by the wording of section 787.02(3)(a), Florida Statutes (2006). Here, Dosuede testified that she was the child’s godmother and that she helped raise the child since she was two. She did not, however, testify that she had legal custody or guardianship of the child and no evidence was presented to that effect. Without such evidence, the State could not prove that the confinement was against the child’s will. Because the State failed to prove an essential element of the crime, it was fundamental error to convict Defendant of aggravated false imprisonment.
 

 Accordingly, we reverse Defendant’s conviction for aggravated false imprisonment in violation of section 787.02(3)(a), Florida Statutes (2006).
 

 Affirmed in part; Reversed in part.
 

 WARNER and STEVENSON, JJ., concur.