PER CURIAM.
Defendant was charged with multiple offenses, including luring or enticing a child under the age of twelve (count 1) and lewd or lascivious molestation on a victim under 12 (count 5). A jury found defendant guilty as charged on all offenses and the court convicted and sentenced him.[1] Defendant filed a rule 3.850 motion raising eight claims, all of which were summarily denied. Except as to claim 7, we affirm the denial of defendant’s claims upon the finding that Defendant did not satisfy his burden under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to claim 7, however, we find that defendant was entitled to an evi-dentiary hearing, as the record did not refute the prejudice prong under Strickland.
In claim 7, defendant argued that counsel was ineffective for failing to file a motion to sever the charges for lewd and lascivious molestation (count 5) and luring or enticing a child (count 1). He claimed that by consolidating the charges, the jury was confronted with his criminal history and prior conviction for a sexual offense, which were admitted to prove count 1.
We reverse on this issue and remand for an evidentiary hearing, as the state’s arguments do not conclusively demonstrate that defendant was not prejudiced by counsel’s failure to move to sever counts 1 and 5.

Affirmed in part, reversed in part, and remanded for an evidentiary hearing consistent with this opinion.

WARNER, TAYLOR and GERBER, JJ., concur.

. The judgment and sentence on one count were reversed on appeal. See Andre v. State, 13 So.3d 103 (Fla. 4th DCA 2009).