DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**REGINALD LEE TAYLOR, JR.**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D17-838

[August 15, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 502015CF012910AXXXMB.

Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

The Defendant appeals his conviction for one count of sale of heroin, and his sentence to 48 months' imprisonment. We affirm his conviction and write to explain our affirmance of his sentence.

Generally, "when a sentence is within statutory limits, it is not subject to review by an appellate court" unless the sentencing court violated the Defendant's constitutional rights. *Charles v. State*, 204 So. 3d 63, 66 (Fla. 4th DCA 2016) (quoting *Howard v. State*, 820 So. 2d 337, 339 (Fla. 4th DCA 2002)).

These limits were set by the legislature in the Criminal Punishment Code, which provides that a "trial court judge may impose a sentence up to and including the statutory maximum for any offense . . . that is before the court . . . ." § 921.002(1)(g), Fla. Stat. (2014). "The permissible range for sentencing shall be the lowest permissible sentence up to and including the statutory maximum . . . for . . . any . . . offenses before the court for

sentencing. The sentencing court may impose such sentences concurrently or consecutively." § 921.0024(2), Fla. Stat. (2014).

Here, the Defendant argues the circuit court impermissibly sentenced him above the lowest sentence permitted by the Criminal Punishment Code without articulating reasons for doing so. He argues that if it is true "that sentencing discretion be based upon logic and reason, not whim or caprice, trial courts should be required to articulate a valid basis for deciding that one appropriate sentence is more appropriate than another less severe appropriate sentence."

No provision of the constitution or statute requires a judge to articulate the reasons for not giving the statutory minimum sentence when the sentence falls between the statutory minimum and maximum. It is quite the opposite. We "afford substantial deference both to the legislature and the sentencing court." *Charles*, 204 So. 3d at 68 (Fla. 4th DCA 2016) (Levine, J., concurring) (citing *Solem v. Helm*, 463 U.S. 277, 290 (1983)). The legislature has broad discretion in determining the appropriate punishment range for crimes, and trial courts have broad discretion when sentencing a defendant within the statutory limits. *Id.* (citing *Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000)).

Finally, the court did articulate its reason. It concluded that based on the nature of the crime and the Defendant's past criminal history, the court did not believe the lowest permissible sentence was appropriate.

In any event, a court need not articulate reasons for sentencing a Defendant to a specific sentence when that sentence is within the minimum and maximum limits set by the legislature. Here, the Defendant's sentence was within those legislative limits, and the Defendant has identified no purported violation of his constitutional or statutory rights. Thus, the Defendant's conviction and sentence are affirmed.

*Affirmed.*

DAMOORGIAN and LEVINE, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***