DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRADLEY A. BEVANS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3008

[February 26, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl Caracuzzo, Judge; L.T. Case No. 50-2017-CF-008596-AXXX-MB.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, C.J.

Appellant appeals the order revoking his probation and sentencing him to four years of imprisonment. Appellant claims that the trial court considered improper factors during sentencing, revoked his probation for grounds not proven, and imposed prosecution costs in excess of the statutory amount. We find that the trial court properly considered that appellant committed three new law violations soon after beginning probation, remand for the trial court to correct a scrivener's error in the written order revoking probation, and reverse and remand the assessment of prosecution costs. We affirm the other issues raised without further comment.

On January 3, 2018, the trial court sentenced appellant to three years of probation. An affidavit of violation of probation alleged that appellant violated his probation by committing trespass after warning on January 10, 2018, trespass after warning on February 14, 2018, and disorderly intoxication on February 18, 2018. An amended affidavit of violation of probation added three additional violations for failure to pay supervisory

costs, court costs, and drug testing fees. Appellant was convicted of the trespass and disorderly intoxication offenses after he pled guilty.

During the violation of probation hearing, the state proceeded only on the three new law violations. The trial court orally found that appellant violated probation based on the evidence presented. During the sentencing hearing, the trial court stated, "I am considering the fact . . . that [appellant was not] on probation seven days before [he] picked up a new trespass" and that appellant "pled to a trespass, so I'm taking that into account." The trial court also commented on the short period of time that had elapsed before appellant committed other offenses.

Appellant's scoresheet reflected that appellant had two prior felony convictions and ninety-five prior misdemeanors. Appellant faced a minimum of 22.5 months in prison and a maximum of six years and six months. The state recommended a sentence of five years. After noting the minimum and maximum possible sentences, the trial court sentenced appellant to four years of imprisonment. The trial court entered a written order revoking probation for all counts alleged in the amended affidavit of violation of probation, including the financial violations. The trial court also imposed $200 in prosecution costs.

Appellant filed two motions to correct sentencing error under rule 3.800(b)(2), arguing the trial court erred in (1) assessing $200 for prosecution costs rather than the $100 statutory amount, and (2) revoking probation for three financial violations that were not proven at the violation of probation hearing. The trial court did not rule on the motions within sixty days, so they were deemed denied by operation of law. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

Appellant first claims that the trial court considered impermissible factors in sentencing by considering the speed of his violations. "Florida law gives a sentencing judge unlimited discretion to sentence a defendant up to the maximum term set by the legislature for a particular crime." *Alfonso-Roche v. State*, 199 So. 3d 941, 946 (Fla. 4th DCA 2016) (Gross, J., concurring). A sentence within the statutory limits is generally not subject to appellate review. *Taylor v. State*, 253 So. 3d 631, 631 (Fla. 4th DCA 2018). An exception to this rule exists when a sentencing court considers constitutionally impermissible sentencing factors. *Hillary v. State*, 232 So. 3d 3, 4 (Fla. 4th DCA 2017).

We find that the trial court properly exercised its discretion in sentencing appellant to four years in prison. Appellant's sentence was less than the state's recommended sentence of five years and less than the

maximum sentence of six years and six months. Contrary to appellant's contention that it was error, the trial court properly considered that the violations of probation occurred so quickly after the imposition of probation, demonstrating appellant's inability to abide by the law for even a short period of time. During a probation violation hearing, "the trial court may consider the new crimes a defendant committed because he violated his probation by doing so." *Turner v. State*, 261 So. 3d 729, 738 (Fla. 2d DCA 2018) (alteration, emphasis, and citation omitted). "When a greater sentence is imposed upon the revocation of probation, it can be based upon the defendant's subsequent conduct demonstrating his lack of amenability to reform." *Id.* (citation omitted). *See also United States v. Burkhalter*, 588 F.2d 604, 606-07 (8th Cir. 1978) (finding no abuse of discretion in revoking probation where defendant violated probation after only three months and demonstrated an unwillingness to live within the rules of his probation); *State v. Moen*, 896 N.W.2d 391 (Wis. Ct. App. 2017) (finding that trial court properly considered the short amount of time defendant was on probation before he violated his probation and the number of violations committed).

Appellant next claims that the trial court erred in revoking his probation for failure to pay court costs, supervision costs, and drug testing fees. We agree that the written probation order does not conform to the trial court's oral pronouncement. During the violation of probation hearing, the state proceeded only on the three new law violations. The trial court orally found that appellant violated probation based on the evidence presented, that being the new law violations. However, the written probation revocation order found violations for all of the grounds alleged in the amended violation of probation affidavit, which included financial violations. We therefore remand for the trial court to correct the scrivener's error by striking that portion of the order finding violations for the financial conditions. *Coleman v. State*, 276 So. 3d 812, 813 (Fla. 4th DCA 2019).

Finally, appellant challenges the imposition of $200 in prosecution costs. Imposing costs of prosecution involves a question of statutory interpretation, which is reviewed de novo. *D.A. v. State*, 11 So. 3d 423, 423 (Fla. 4th DCA 2009). Section 938.27(8), Florida Statutes, provides:

> Costs for the state attorney must be set in all cases at . . . no less than $100 per case when a felony offense is charged, including a proceeding in which the underlying offense is a violation of probation or community control. The court may set a higher amount upon a showing of sufficient proof of higher costs incurred. . . .

Because there was no "showing of sufficient proof of higher costs incurred," the trial court erred in imposing prosecution costs greater than $100. Therefore, we reverse the prosecution costs and remand for the trial court to impose the mandatory $100 fee, or to impose further costs if it makes appropriate factual findings to support the imposition. *Desrosiers v. State*, 286 So. 3d 297 (Fla. 4th DCA 2019); *Simmons v. State*, 24 So. 3d 636, 638 (Fla. 2d DCA 2009).

In sum, we affirm all issues, remand for correction of a scrivener's error in the written probation order, and reverse and remand the prosecution costs.

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and GERBER, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

4